**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

JEROME MONTEL OFFICE, SR.,

      Plaintiff,

      v.

KEN KENNEDY, et al.,

      Defendants.

CIVIL ACTION NO.: 6:25-cv-65

## REPORT AND RECOMMENDATION

Plaintiff filed a Complaint, asserting claims under 42 U.S.C. § 1983.  Doc 1.  The Court now conducts its frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

It appears from the face of the pleading that the events alleged occurred while Plaintiff, an inmate at Rogers State Prison, was on a form of work detail at a local dairy farm.  Doc. 1.  Plaintiff makes four distinct factual allegations in the Complaint.  Id.  Plaintiff alleges that, starting on July 1, 2025, Defendant Ken Kennedy, a Georgia Correctional Industries ("GCI") employee, has "harassed me, cussed me, and threatened me."  Id. at 5.  Plaintiff states that

---

[1]  All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Defendant Kennedy turned the machine he was operating off and lied about the incident.  Id.
Plaintiff next alleges that, on August 6, 2025, Defendant Kennedy "tried to make me quit by
harassing me all day long."  Id.  Plaintiff also alleges that, on July 7, 2025, Defendant Kennedy
called him a terrorist and accused him of becoming Muslim "for protection."  Id.  Finally,
Plaintiff alleges that he has "been subjected to eating in a hot bug infested room every day . . .
while the staff eat in a[n] air conditioned break room."  Id.  Plaintiff alleges these incidents
constitute violations of his rights under the Eighth Amendment.  Plaintiff appears to request the
same relief for another inmate named Glen William Whitley, as well.  Id. at 6.

### STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by
prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During
the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C.
§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the
complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or
which seeks monetary relief from a defendant who is immune from such relief.  Id.  The
pleadings of unrepresented parties are held to a less stringent standard than those drafted by
attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520
(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural
rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law
or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim
upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted
as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**DISCUSSION**

**I.      Plaintiff Does Not State a Claim for Relief**

Plaintiff alleges Eighth Amendment violations, but none of the factual allegations he makes constitute a basis for a constitutional claim.  First, Plaintiff's allegations that Defendant Kennedy threatened and verbally abused him on July 1, 2025, July 7, 2025, and August 6, 2025, do not raise a constitutional issue.  "[V]erbal abuse alone is insufficient to state a constitutional claim."  Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008); see Unuvar v. City of Key West, 394 F. App'x 628, 630 (11th Cir. 2010) (finding that discriminatory statements, even if "repugnant and offensive," without more, "state no constitutional violation cognizable under Section 1983") (citing Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000); then citing Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991)).  Here, Plaintiff has alleged that Defendant Kennedy harassed him and potentially verbally abused him but has not alleged circumstances that would create constitutional liability.

Plaintiff's remaining allegation, that he was required to eat in a "hot bug infested room" also does not rise to the level of a constitutional deprivation.  Conditions of confinement only violate the Constitution if they "involve the wanton and unnecessary infliction of pain."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 345–46 (2004)).  Such a claim involves both an objective component and a subjective component.  Objectively, the challenged condition must be "extreme."  Chandler, 379 F.3d at

1289.  This means it must pose "an unreasonable risk of serious damage to his future health" or safety.  Id. (quoting Helling v. McKinney, 509 U.S. 25, 35 (1993)).

Here, Plaintiff alleges that his eating accommodations were hot and bug infested compared to staff, who "eat in an air conditioned break room."  Exposure to vermin or excessive heat could state a claim in some circumstances, but Plaintiff has not alleged facts that would rise to the level of a constitutional deprivation.  See Quintanilla v. Bryson, 730 F. App'x 738, 747 (11th Cir. 2018) (finding that "near-constant exposure" to vermin without access to hygiene stated an Eighth Amendment violation).  In addition, the staff's comparatively comfortable conditions are irrelevant in assessing Plaintiff's conditions of confinement.  Comparative discomfort does not create an injury.  And outside of this allegation, Plaintiff has made no allegation that he suffered any concrete harm.  Compare Miles v. Konvalenka, 791 F. Supp. 212, 214 (N.D. Ill. 1992) (finding that a mouse discovered in an inmate's food did not violate the Eighth Amendment when no prisoner actually ate the food) with Groover v. Broward Cnty. Sheriff, 684 F. App'x 782, 786 (11th Cir. 2017) (finding that the plaintiff stated a claim when exposure to heat caused "heat stroke, delusions, and vomiting[]").

Subjectively, a prisoner suing for conditions of confinement must show deliberate indifference, meaning that the official acted "with the very purpose of causing harm or with knowledge that harm would result."  Chandler, 379 F.3d at 1289 (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)).  Plaintiff does not allege that any Defendant knew about the conditions he alleges or that they disregarded those conditions in a way that would demonstrate deliberate indifference.

In sum, Plaintiff fails to demonstrate that his conditions of confinement were sufficiently extreme to violate the Eighth Amendment, and he also fails to demonstrate that any Defendant acted with deliberate indifference.  Therefore, he fails to state a conditions of confinement claim.

## II.    Plaintiff's Complaint Is Procedurally Improper

Plaintiff also cannot file a Complaint seeking relief for multiple inmates.  Plaintiff lists both himself and another inmate, Glen William Whitley, in the caption.  Doc. 1 at 1.  Plaintiff also seeks damages for both himself and Whitley.  Id. at 6.  However, prisoner plaintiffs suing *in forma pauperis* cannot join other plaintiffs on the same action because the PLRA requires each Plaintiff proceeding *in forma pauperis* to pay the full filing fee.  Hubbard v. Haley, 262 F.3d 1194, 1197–98 (11th Cir. 2001) (finding that the PLRA does not permit multi-plaintiff *in forma pauperis* actions).  Even if Plaintiff stated a plausible claim for relief, this alone constitutes grounds for dismissal.  See Patchen v. Evans, Civ. Action No. 2:17-cv-62, 2017 WL 2728208 (S.D. Ga. June 23, 2017) (dismissing claims without prejudice because multiple plaintiffs jointly filed a complaint *in forma pauperis*), report and recommendation adopted, 2017 WL 3709074 (S.D. Ga. Aug. 28, 2017).

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.

Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons stated above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

6

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of February, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA